**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ADDVANTAGE TECHNOLOGIES GROUP, INC., | § | Case No. 24-40225 |
| FULTON TECHNOLOGIES, INC., | § | Case No. 24-40226 |
| NAVE COMMUNICATIONS COMPANY, | § | Case No. 24-40227 |
| ADDVANTAGE TRITON LLC, | § | Case No. 24-40228 |
| | § | |
| **Debtors** | § | Chapter 7 |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS, METHODOLOGY,**
**AND DISCLAIMER REGARDING SCHEDULES AND STATEMENTS**

These *Global Notes and Statement of Limitations, Methodologies, and Disclaimers Regarding Schedules and Statements* (the "Global Notes") are incorporated by reference into the Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "Statements" or "SOFA," and together with the Schedules, the "Schedules and Statements") for each of the above-captioned debtors (each a "Debtor" and, collectively, the "Debtors"). The Schedules and Statements were prepared by the Debtors with the assistance of the Debtors' advisors and others with knowledge, pursuant to section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"), and rule 1007 of the Federal Rules of Bankruptcy. The financial information set forth in the Schedules and Statements is unaudited. These Global Notes are incorporated by reference in, and comprise an integral part of, each Debtors' Schedules and Statements, and are expressly made part of each question, information, and response to the Schedules and Statements. Accordingly, these Global Notes should be referred to and considered in connection with any review of the Schedules and Statements.

While the Debtors have made every reasonable effort to ensure that the Schedules and Statements are as accurate and complete as possible under the circumstances, based on information that was available to it at the time of preparation, subsequent information, or discovery may result in material changes to these Schedules and Statements, and inadvertent errors or omissions may have occurred. Accordingly, the Debtors expressly reserve all rights to amend, clarify, and modify any aspect of the Schedules and Statements in any manner at any time. Because the Schedules and Statements contain unaudited information, which is subject to further review, verification, and potential adjustment, there can be no assurance that these Schedules and Statements are complete.

The Schedules and Statements have been signed by Mr. Joseph E. Hart, as the President of each Debtor. In reviewing and signing the Schedules and Statements, Mr. Hart necessarily relied upon the efforts, statements, and representations of the Debtors' other personnel and advisors. Mr. Hart has not (and could not have) personally verified the accuracy of each statement and representation contained in the Schedules and Statements, including, but not limited to, statements and representations concerning amounts owed to creditors, classification of such amounts, and respective creditor addresses.

These Global Notes supplement and are in addition to any specific notes contained in the Debtors' Schedules or Statements.  Disclosure of information in one or more Schedules, one or more Statements, or one or more exhibits or attachments to the Schedules or Statements, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments. All amounts stated in these Global Notes or the Schedules and Statements are reflected in U.S. dollars.

*NOTE: CONTINUATION SHEETS ARE ATTACHED TO THE SCHEDULES AND STATEMENTS FOR CERTAIN QUESTIONS REQUIRING MORE THAN ONE RESPONSE.*[1]

1.  **Commencement of Cases**.  On January 31, 2024 (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Texas, Sherman Division.  The Debtors include: ADDvantage Technologies Group, Inc., an Oklahoma corporation ("AEY"); Fulton Technologies, Inc., an Oklahoma corporation ("Fulton"); Nave Communications Company, a Maryland corporation ("Nave"); and ADDvantage Triton LLC, an Oklahoma limited liability company ("Triton").

Linda S. Payne is the Chapter 7 Trustee (the "Trustee") for each Debtor's bankruptcy estate. The Debtors acknowledge that, as of the Petition Date, many of the rights, claims, and/or defenses reserved by the Debtors in these Global Notes or the Schedules and Statements may inure to the Trustee, pursuant to applicable provisions of the Bankruptcy Code.

2.  **Debtors' Background**.  AEY is publicly traded on the NASDAQ stock exchange under the ticker symbol "AEY."  AEY owns all of the equity interests or membership interests, as applicable, in Fulton, Nave, and Triton; each is a wholly-owned subsidiary of AEY.

The Debtors provided turn-key wireless infrastructure services for wireless carriers, tower companies and equipment manufacturers, and distributes and services a comprehensive line of electronics and hardware for the telecommunications industry. AEY was incorporated in September 1989 as "ADDvantage Media Group, Inc."  In December 1999, AEY changed its name to ADDvantage Technologies Group, Inc.

AEY acquired Fulton on January 4, 2019, which established its Wireless Infrastructure Services segment.  Fulton provided services such as wireless macro site development, distributed antenna systems, small cells and project management expertise with national and regional scalability. Fulton's expertise included site modifications, tower retrofits, including 5G, civil construction, tower erection, utility installation and testing, site acquisition including leasing, zoning and permitting, design and architect-engineering services.

AEY's Telecommunications segment operated through its subsidiaries, Nave and Triton.  This segment sold new, surplus-new and refurbished equipment purchased in the market as a result of telecommunications system upgrades or overstock supplies.  In addition, Telecommunications segment offered decommissioning services for surplus and obsolete equipment, which was in turn processed through the companies' recycling program.

---

[1] For example, Fulton has multiple bank accounts, but only one bank account is listed within Fulton's Schedule A/B #3—the remaining bank accounts are listed on the Continuation Sheet attached to Fulton's Schedule A/B.

3.     **Information as of Petition Date**.  To the best of the Debtors' knowledge, the information provided herein represents the asset data, including available cash, of the Debtor as of the Petition Date.   All other information, including trade liabilities and principal and accrued interest on funded debt, are provided as of the Petition Date.  Amounts ultimately realized may vary from net book value (or whatever value is ascribed) and such variance may be material.  Accordingly, the Debtors reserve all rights to amend or adjust the value of each asset set forth herein.  In addition, the amounts shown for the Debtors' total liabilities exclude items identified as "unknown," "disputed," "contingent," "unliquidated," or "undetermined," and, thus, ultimate liabilities may differ materially from those stated in the Schedules and Statements.

4.     **General Reservation of Rights**.  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist.  The Debtors reserve all rights to amend or supplement the Schedules and Statements from time to time, in all respects, as may be necessary or appropriate, including: the right to amend the Schedules and Statements with respect to any claim (as defined in Bankrutpcy Code § 101(5), a "claim") description, designation, or Debtor against which the claim is asserted; dispute or otherwise assert offsets or defenses to any claim reflected in the Schedules and Statements as to amount, liability, priority, status, or classification; subsequently designate any claim as "disputed," "contingent," or "unliquidated;" or object to the extent, validity, enforceability, priority, or avoidability of any claim.  Any failure to designate a claim in the Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such claim or amount is not "disputed," "contingent," or "unliquidated."  Listing a claim does not constitute an admission of (a) liability or (b) amounts due or owed, if any, by the Debtor against which the claim is listed or against any of the Debtors.  Furthermore, nothing contained in the Schedules and Statements shall constitute a waiver of rights with respect to this bankruptcy case, including issues involving claims, substantive consolidation, defenses, equitable subordination, or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant nonbankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

5.     **Basis of Presentation**.  For financial reporting purposes, prior to the Petition Date, some of the Debtors' financial statements were prepared on a consolidated basis.  Combining the assets and liabilities set forth in the Schedules and Statements would result in amounts that could be substantially different from financial information that would be prepared on a consolidated basis under Generally Accepted Accounting Principles ("GAAP").  Therefore, the Schedules and Statements do not purport to represent financial statements prepared in accordance with GAAP, nor are they intended to reconcile fully with any consolidated financial statements prepared by the Debtors.   Unlike consolidated financial statements, the Schedules and Statements reflect the assets and liabilities of the Debtors, alone, unless otherwise indicated.  Information contained in the Schedules and Statements has been derived from the Debtors' books and records and historical financial statements.   Moreover, given the uncertainty surrounding the collection and ownership of certain assets and the valuation and nature of certain liabilities, among other things, to the extent that a Debtor shows more assets than liabilities, this is not an admission that the Debtor was solvent as of the Petition Date or at any time before the Petition Date.  Likewise, to the extent a Debtor shows more liabilities than assets, this is not an admission that the Debtor was insolvent at the Petition Date or any time before the Petition Date.

6.   **Confidential or Sensitive Information**. There may be instances in which certain information in the Schedules and Statements intentionally has been redacted due to, among other things, concerns for the privacy of an individual. In addition, the very existence of certain agreements may be (by the terms of such agreements) confidential. The Debtors endeavored to note these agreements, if any, as "Confidential" in the Schedules and Statements, where applicable, but the Debtors reserve all rights to subsequently redact or make other accommodations regarding confidential or sensitive information. The alterations or redactions are limited only to what the Debtors believe is necessary to protect the Debtors or any applicable third-party.

7.   **Amendments**. Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, inadvertent errors or omissions may exist. The Debtors have worked diligently to file Schedules and Statements contemporaneously with their voluntary petitions. Accordingly, the Debtors reserve all rights to amend and/or supplement the Schedules and Statements from time to time as necessary and appropriate.

8.   **Recharacterization**. The Debtors have made reasonable efforts to correctly characterize, classify, categorize, and designate the claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements. However, due to the complexity and size of the Debtors' business and the desire to file the Schedules and Statements without further extensions of time, among other reasons, the Debtor may have improperly characterized, classified, categorized, or designated certain items. The Debtors thus reserve all rights to recharacterize, reclassify, recategorize, redesignate or otherwise adjust items reported in the Schedules and Statements at a later time as necessary or appropriate as additional or more accurate information becomes available.

9.   **Liabilities**. The Debtors have sought to allocate liabilities between the prepetition and post-petition periods based on the information and research that was conducted in connection with the preparation of the Schedules and Statements; however, the allocation of liabilities between prepetition and post-petition periods may change. The Debtors reserve the right to amend the Schedules and Statements as appropriate in this regard.

10.  **Excluded Assets and Liabilities**. The Debtors have excluded certain categories of assets and liabilities and certain accrued expenses from the Schedules and Statements, including, without limitation, rejection damage claims of counterparties to executory contracts or unexpired leases that may be rejected (if any), to the extent such damage claims exist. In addition, certain immaterial or *de minimis* assets and liabilities may have been excluded.

11.  **Intellectual Property Rights**. Exclusion of certain intellectual property, if any, shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, have expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property, if any, shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated, have not expired by their terms, or have not been assigned or otherwise.

12.  **Asset and Liability Values**. Unless otherwise noted in the Schedules and Statements or these Global Notes, the Schedules reflect the carrying value of assets and liabilities as listed in the Debtors' books and are not based on any estimate of their current market values. With respect to the assets listed on the Debtors' Schedule A/B, if the "net book value" differs from the

"current value," the current value of the Debtors' interest reflects an estimate of current market value. In many instances, however, current market valuations are neither maintained by nor readily ascertainable by the Debtors, and thus the Debtors' books and records may not reflect the net realizable value of a particular asset. For this reason, amounts realized may vary materially from net book value. Additionally, the amount of certain assets and liabilities may be "undetermined," or "unknown" and, thus, ultimate assets and liabilities may differ materially from those stated in the Schedules and Statements. Accordingly, the Debtors reserve all rights to amend, supplement, modify or adjust the value of each asset and liability set forth herein.

13. **Estimates and Assumption**. Preparation of the Schedules and Statements requires the Debtors to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities on the Schedules and Statements, and the reported amounts of revenues and expenses during the reporting period. The Debtors reserve all rights to include any corrections and adjustments.

14. **Unliquidated, Unknown or Undetermined Amounts**. Claims with zero amounts and/or unknown amounts, as well as asset values that could not be readily quantified by the Debtor, are scheduled as "unliquidated" or "unknown". Amounts listed as zero are either $0.00, unliquidated, or undetermined. The description of an amount as "unknown" is not intended to reflect upon the materiality of such amount. Additionally, some of the scheduled liabilities may be unknown and unliquidated at this time, and the value of certain scheduled assets may be unknown. In such instances, the amounts may be listed as "Unknown" or "Undetermined." Accordingly, the Schedules and the Statements may not accurately reflect the aggregate amount of the Debtors' liabilities or assets.

15. **Setoffs**. The Debtors incur setoffs and net payments in the ordinary course of business. Such setoffs and nettings may occur due to a variety of transactions or disputes including, without limitation, intercompany transactions, counterparty settlements, price discrepancies, credits, rebates, returns, refunds, negotiations, and/or disputes between a Debtor and its customers and/or suppliers. Due to the voluminous nature of setoffs and nettings, it would be unduly burdensome and costly for the Debtors to list each such transaction. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements. In addition, some amounts listed in the Schedules and Statements may have been affected by setoffs or nettings by third parties of which the Debtors are not yet aware. The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

16. **Causes of Action**. Despite reasonable efforts to identify all known assets, the Debtors may not have listed all of their causes of action or potential causes of action against third parties as assets in the Schedules and Statements. The Debtors reserve all of their rights with respect to any claims or causes of action (including, but not limited to, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant non-bankruptcy laws to recover assets), controversy, right of setoff, cross claim, counterclaim, or recoupment and any claim on contracts or for breaches of duties imposed by law or in equity, demand, right, action, lien, indemnity, guaranty, suit, obligation, liability, damage, judgment, account, defense, power, privilege, license, and franchise of any kind or character whatsoever, known, unknown, fixed or contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively,

whether arising before, on, or after the Petition Date, in contract or in tort, in law or in equity, or pursuant to any other theory of law (collectively, "Causes of Action") they may have, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any claims or Causes of Action or in any way prejudice or impair the assertion of such claims or Causes of Action.

17.     **Credits and Adjustments**.  The claims of individual creditors for, among other things, goods, products or services are listed as amounts entered on the Debtors' books and records and may not reflect credits, allowances or other adjustments due from such creditors to the Debtor.  The Debtors reserve all rights respecting such credits, allowances and other adjustments.

18.     **Payments**.   Prior to the Petition Date, the Debtors maintained a cash management and disbursement system in the ordinary course of their businesses.  Although efforts have been made to attribute open payable amounts to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute any payments to a different legal entity, if appropriate.   Additionally, while the Debtors undertook to ensure that no prepetition liabilities were paid on or after the Petition Date, payments for prepetition liabilities that were initiated prior to the Petition Date and payments set up through automatic payment programs that were not cancelled by Debtors' bank were initiated after the Petition Date may have cleared the Debtors' bank account on or after the Petition Date.  The Debtors reserve the right to modify or amend their Schedules and Statements as necessary in this regard.

19.     **Global Notes Controlling**.  In the event that the Schedules and Statements differ from these Global Notes, the Global Notes shall control.  Neither the Debtors nor their agents and/or attorneys or advisors guarantee or warrant the accuracy, completeness, or correctness of the data that is provided in these Global Notes or in the Schedules and Statements, and neither is liable for any loss or injury arising out of or caused in whole or in part by the acts, errors of omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communication or delivering the information herein.  While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors and their agents, attorneys, and advisors expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtor or its agents, attorneys, or advisors be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys or advisors are advised of the possibility of such damages.

20.     **Headings**.   The headings/titles of the paragraphs in these Global Notes are included for reference only and do not control, affect, or modify the text of these Global Notes.

## GENERAL DISCLOSURES REGARDING SCHEDULES

21.     **Schedule A/B**.  The Debtors may have listed certain assets as real property when such assets are in fact personal property, or the Debtors may have listed certain assets as personal property when such assets are in fact real property.  The Debtors reserve all rights to recategorize or recharacterize such asset holdings to the extent the Debtors determine that such holdings were

listed incorrectly. Certain instruments reflected on Schedule A/B may contain renewal options, guarantees of payments, options to purchase, rights of first refusal, rights to lease additional lands, and other miscellaneous rights. Such rights, powers, duties, and obligations are not separately set forth on Schedule A/B. The Debtors reserve the right to assert that any instrument listed on Schedule A/B is an executory contract within the meaning of section 365 of the Bankruptcy Code. The Debtors reserve all rights, claims, and causes of action with respect to claims associated with any contracts and agreements listed on Schedule A/B or Schedule G, including their right to dispute or challenge the characterization or the structure of any transaction, document, or instrument (including any intercompany agreement) related to a creditors' claim. The Debtors' failure to list any rights in real property on Schedule A/B shall not be construed as a waiver of any such rights that may exist, whether known or unknown at this time.

22. **Schedule D**. Although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. Further, while the Debtors have included the results of Uniform Commercial Code searches, the listing of such results is not, and shall not be deemed, an admission as to the validity of any such lien. Conversely, the Debtors made reasonable, good faith efforts to include all liens on Schedule D, but may have inadvertently omitted an existing lien because of, among other things, the possibility that a lien may have been imposed after the Uniform Commercial Code searches were performed or a vendor may not have filed the requisite perfection documentation. Moreover, the Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

The descriptions provided in Schedule D are intended only as a summary. Reference to the applicable agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any liens. Nothing in these Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements.

23. **Schedule E/F**. The listing of any claim on Schedule E/F does not constitute an admission by the Debtors that such claim is entitled to priority treatment under Bankruptcy Code § 507. The Debtors reserve all rights to dispute the amount and the priority status of any claim on any basis at any time.

The Debtors have used reasonable best efforts to list all general unsecured claims against the Debtors on Schedule E/F based upon their existing books and records. Certain creditors listed on Schedule E/F may owe amounts to a Debtor and such Debtor may have valid setoff or recoupment rights with respect to such amounts. The amounts listed on Schedule E/F do not reflect any such right of setoff or recoupment, and the Debtors reserve all rights to assert any such setoff or recoupment rights. The Debtors reserve the right to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be perfected by a creditor listed on Schedule E/F.

Schedule E/F does not include certain deferred credits, deferred charges, deferred liabilities, accruals, or general reserves, since such amounts are estimates of liabilities and do not represent specific claims as of the Petition Date.

The claims listed in Schedule E/F arose or were incurred on various dates. In certain instances, the date on which a claim arose is an open issue of fact. Determining the date upon which each claim in Schedule E/F was incurred or arose would be unduly burdensome and cost prohibitive and, therefore, the Debtors do not list a date for certain claims listed on Schedule E/F.

Schedule E/F reflects only the prepetition amounts owing to counterparties to executory contracts and unexpired leases, if any. Such prepetition amounts, however, may be paid in whole or in part in connection with the assumption, or assumption and assignment, of an executory contract or unexpired lease. Schedule E/F does not include rejection damage claims of the counterparties to the executory contracts or unexpired leases that have been or may be rejected, to the extent such damage claims may exist.

Certain claims listed on Schedule E/F may be entitled to priority under section 503(b)(9) of the Bankruptcy Code.

The Debtors may have received, and may continue to receive, invoices from trade vendors and other non-priority unsecured creditors for goods/services provided prior to the Petition Date. Accordingly, the aggregate value non-priority unsecured claims against the Debtors and/or their bankruptcy estates is subject to change from such value set forth in the Schedules and Statements.

24.   **Schedule G**. While every effort has been made to ensure the accuracy of the Debtors' Schedule G (regarding executory contracts and unexpired leases), inadvertent errors or omissions may have occurred. The Debtors reserve all rights to dispute the validity, status or enforceability of any contracts, agreements or leases, whether or not set forth in Schedule G and to amend or supplement such Schedule as necessary. The Debtors reserve all rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

The contracts, agreements, and leases listed on Schedule G may have expired or may have been modified, amended, or supplemented from time to time by various amendments, restatements, estoppel certificates, subordination and non-disturbance agreements, letters and other documents, instruments and agreements, which may not be listed therein. Certain of the listed executory contracts and unexpired leases may not have been memorialized and could be subject to dispute. Schedule G does not include stand-alone purchase orders or the like.

The Debtors' executory contracts and unexpired leases have been set forth in Schedule G, subject to the extent a contract or agreement exists for which no goods or services were ordered or due as of the Petition Date (as for purposes of the Schedules and Statements, subject to changes reserved herein, the Debtors view such contracts or agreements to constitute terms and conditions applicable to future transactions, but not executory contracts or unexpired leases). To the extent that there was an amount outstanding to a contract or lease counterparty as of the Petition Date, the counterparty has been included as a creditor on Schedule E/F.

The inclusion of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is in fact an executory contract or unexpired lease. Similarly, the omission of an executory contract or unexpired lease does not constitute an admission that such contract or lease is not an executory contract or unexpired lease. Notwithstanding anything to the contrary in these Global Notes, the Schedules, Statements, or otherwise, the Debtors expressly reserve the right to: (i) add or remove any contract or unexpired lease in Schedule G

(or any amendment thereof) without such inclusion, failure to include, amendment or supplement, constituting an admission or otherwise being used against the Debtors in any manner whatsoever; (ii) dispute or challenge the characterization or the structure of any transaction, document or instrument (including, without limitation, the right to contest the characterization of any such transaction, document, or instrument as an executory contract or unexpired lease); and (iii) otherwise amend, supplement, delete, modify or adjust any listing, description or otherwise in Schedule G.

Schedule G does not include rejection damage claims of counterparties to the executory contracts and unexpired leases that have been or may be rejected, to the extent such damage claims exist.

25.    **Schedule H**.  The Debtors have made reasonable efforts to locate and identify guaranties and other secondary liability claims (collectively, "Guaranties") in each of the executory contracts, unexpired leases, debt instruments and other such agreements to which it is a party.  Guaranties that have been identified are included in the relevant Schedules, and the Debtors have noted the co-obligors under known Guaranties on Schedule H.  It is possible that certain Guaranties embedded in the Debtors' executory contracts, unexpired leases, debt instruments and other such agreements may have been inadvertently omitted, and the Debtors reserve the right to amend the Schedules to the extent additional Guaranties are identified or such Guaranties are discovered to have expired or be unenforceable.  In addition, the Debtors reserve the right to amend the Schedules and Statements and to re-characterize or reclassify any such contract or claim, whether by amending the Schedules and Statements or in another appropriate filing.  Additionally, failure to list any Guaranties in the Schedules and Statements, including in any future amendments to the Schedules and Statements, shall not affect the enforceability of any Guaranties not listed.

## SPECIFIC DISCLOSURES

26.    **Schedule A/B #7**.  Nave's Schedule A/B includes a security deposit owed by JLL for Nave's real property lease that previously expired prior to the Petition Date.  The gross amount of the security deposit is $120,000; however, after deducting property taxes and amounts owed to the former sublessee, Nave estimates that the net amount due from JLL will be approximately $20,000.

27.    **Schedule A/B #11: Accounts Receivable**.  The Debtors factored substantially all of their accounts receivable ("AR") with Vast Bank, N.A.  Under the agreements with Vast Bank, once a receivable becomes more than 90-120 days old, the Debtors were required to repurchase the receivable from Vast Bank.  Thus, the vast majority of AR on the Debtors' books is more than 90 days old.  All of the Debtors' receivables were generated by Fulton, Nave, and Triton; AEY did not generate operational revenue.

28.    **Schedule A/B #22: Inventory**.  All of Nave's inventory is stored with PALCO Telecom Services, Inc. pursuant to the *Master Services Agreement* identified on AEY's Schedule G., which was made by and among PALCO and AEY as of February 26, 2018.  All other inventory is stored at the applicable Debtor's warehouse facility in Carrolton, Texas (AEY/Fulton), Roselle, Illinois (Fulton), or Pembroke Park, Florida (Triton), each of which is a leased facility identified on the applicable Debtor's Schedule G.

29.     **Schedule A/B, Part 7**.  All of Fulton's office furniture, fixtures, and equipment is owned and carried on the books of AEY.

30.     **Schedule A/B #55: Real Property Interests**.  The Debtors do not own any real property.  Any real property listed on Schedule A/B is reflective of a leasehold interest possessed (or formerly possessed) by the Debtor.

31.     **Schedule D (Vast Bank)**.  Amounts owed to Vast Bank, N.A. are listed as of December 31, 2023.  Fulton, Nave, and Triton each have their own factoring facilities with Vast Bank, and AEY is liable as a co-borrower for each facility.  Thus, the amount of Vast Bank's claim listed on AEY's Schedule D reflects the combined total balance of the Fulton, Nave, and Triton facilities.

Fulton has two factoring facilities with Vast Bank: one facility for AR owed by Dish Network; and one facility for all other AR generated by Fulton.  Fulton's Schedule D reflects the total balance owed for both facilities as of December 31, 2023, which consists of a balance of $1,428,489.17 for the non-Dish facility, and a balance of $173,235.47 for the Dish-only facility.

32.     **Schedule E/F**.  The Debtors paid all employees for wages earned through the Petition Date, including all accrued paid time off (PTO) for each employee.

33.     **Schedule G**.  Fulton is a party to the Fleet Management Services Agreement with Union Leasing, Inc., dated July 25, 2013, as successor Aero Communications, Inc.  AEY acquired Fulton from Aero Communications, Inc. on or about January 4, 2019.

34.     **SOFA #3: 90-Day Payments**.   Employee payroll and ordinary employee expense reimbursements are excluded from the Debtors' SOFA #3.  The Debtors' payroll processing company was UKG Inc.  Payments made to the Debtors' bankruptcy counsel and advisors are also excluded from SOFA #3 and are instead listed in SOFA #11.

35.     **SOFA #4: Payments to Insiders**.  SOFA #4 includes all payments to the Debtors' officers and directors, including regular employee compensation and expense reimbursements, during the year preceding the Petition Date; *however*, transfers of stock in AEY are <u>not</u> listed on SOFA #4.  All payments to the Debtors' officers and directors were made by AEY.

SOFA #4 also includes the *net* transfers from one Debtor to another during the year preceding the Petition Date.  Intercompany transfers between the Debtors occurred on nearly a daily basis, and it is not feasible for the Debtors to identify each of these transactions individually.  Therefore, SOFA #4 lists the net resulting amount paid from one Debtor to another during this one-year period.

36.     **SOFA #7: Lawsuits**.  While not listed on Fulton's SOFA, because no lawsuit has been filed, Fulton has received a demand letter and pre-lien filing notice from Raven Utilities, LLC alleging breach of contract claims in the amount of $274,962.25 for work it performed for Fulton between October 2023 and December 2023.

37.     **SOFA #11: Payments Related to Bankruptcy**.  All payments to professionals related to these bankruptcy cases were made by AEY for the benefit of each Debtor, and all such payments are listed on AEY's SOFA #11.

38.     **SOFA #21: Property Held for Another**.

a.      *Fulton*.  In the ordinary course of its business, Fulton stored certain customer-owned equipment, supplies, and other personal property items for certain customers including AT&T, Verizon, Ericsson, American Tower, and DISH.  Fulton stored these customer-owned items at its warehouses in Roselle, Illinois and Carrollton, Texas.  Certain of these customers came and removed their respective property from Fulton's Roselle and Carrollton facilities in the days leading up to the Petition Date.  While Fulton made diligent efforts to account for customer-owned property that is no longer in its possession, it is possible that certain property listed on Fulton's SOFA #21 may have been removed from Fulton's possession as of the Petition Date.

b.      *Nave*.  Property listed on Nave's SOFA #21 consists of inventory held by Nave on consignment, all of which is held at PALCO's facility pursuant to the *Master Services Agreement* identified on AEY's Schedule G.

*      *      *

**Fill in this information to identify the case:**

Debtor name ___ADDvantage Triton LLC___

United States Bankruptcy Court for the: ___Eastern District of Texas___

Case number (If known): ___24-40228___

☐ Check if this is an
amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages,
write the debtor's name and case number (if known).

| Part 1: | Income |
| --- | --- |

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From 01/01/2024<br>MM / DD / YYYY | to | Filing date | ☑ Operating a business<br>☐ Other | $ 358,335.00 |
| **For prior year:** | From 01/01/2023<br>MM / DD / YYYY | to | 12/31/2023<br>MM / DD / YYYY | ☐ Operating a business<br>☐ Other | $ 7,787,310.00 |
| **For the year before that:** | From 01/01/2022<br>MM / DD / YYYY | to | 12/31/2022<br>MM / DD / YYYY | ☑ Operating a business<br>☐ Other | $ 18,030,839.00 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected
from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
| --- | --- | --- | --- | --- | --- |
| **From the beginning of the fiscal year to filing date:** | From<br>MM / DD / YYYY | to | Filing date | | $ |
| **For prior year:** | From<br>MM / DD / YYYY | to | MM / DD / YYYY | | $ |
| **For the year before that:** | From<br>MM / DD / YYYY | to | MM / DD / YYYY | | $ |

| Debtor | ADDvantage Triton LLC | Case number (if known) | 24-40228 |
|---|---|---|---|
| | Name | | |

| **Part 2:** | **List Certain Transfers Made Before Filing for Bankruptcy** |
|---|---|

3. **Certain payments or transfers to creditors within 90 days before filing this case**

   List payments or transfers—including expense reimbursements—to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/23 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☐ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| | | | | *Check all that apply* |
| 3.1. | See Attached SOFA Part 2, Question 3 | | $ 949,513.86 | ☐ Secured debt |
| | Creditor's name | | | ☐ Unsecured loan repayments |
| | | | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | | | | ☑ Other _____ |
| 3.2. | | | $ _____ | ☐ Secured debt |
| | Creditor's name | | | ☐ Unsecured loan repayments |
| | | | | ☐ Suppliers or vendors |
| | | | | ☐ Services |
| | | | | ☐ Other _____ |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1. | ADDvantage Technologies Group, Inc. | _____ | $ 197,936.61 | |
| | Insider's name | | | |
| | 1430 Bradley Lane | _____ | | |
| | Carrollton, TX 75007 | | | |
| | | _____ | | |
| | **Relationship to debtor** | | | |
| | Subsidiary | | | |
| 4.2. | | _____ | $ _____ | |
| | Insider's name | | | |
| | | _____ | | |
| | | _____ | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

| Debtor | ADDvantage Triton LLC | Case number *(if known)* | 24-40228 |
|---|---|---|---|
| | Name | | |

**5.  Repossessions, foreclosures, and returns**

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1. | _____<br>Creditor's name | | _____ | $_____ |
| 5.2. | _____<br>Creditor's name | | _____ | $_____ |

**6.  Setoffs**

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|
| _____<br>Creditor's name | | _____ | $_____ |

Last 4 digits of account number: XXXX– _____

| **Part 3:** | **Legal Actions or Assignments** |
|---|---|

**7.  Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

☑ None

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1. | | | | ☐ Pending<br>☐ On appeal<br>☐ Concluded |
| | **Case number**<br>_____ | | | |
| 7.2. | **Case title** | | **Court or agency's name and address** | ☐ Pending<br>☐ On appeal<br>☐ Concluded |
| | **Case number**<br>_____ | | | |

Debtor    ADDvantage Triton LLC
_____
Name

Case number (if known) 24-40228
_____

**8. Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| | _____ | $_____ |
| Custodian's name | **Case title** | **Court name and address** |
| | _____ | _____ |
| | | Name |
| | **Case number** | |
| | _____ | |
| | **Date of order or assignment** | |
| | _____ | |

## Part 4:    Certain Gifts and Charitable Contributions

**9. List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|
| 9.1. _____ Recipient's name | | _____ | $_____ |
| | | _____ | $_____ |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |
| 9.2. _____ Recipient's name | | _____ | $_____ |
| | | _____ | $_____ |
| **Recipient's relationship to debtor** | | | |
| _____ | | | |

## Part 5:    Certain Losses

**10. All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Date of loss | Value of property lost |
|---|---|---|---|
| | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (*Schedule A/B: Assets – Real and Personal Property*). | | |
| | _____ | _____ | $_____ |

| Debtor | ADDvantage Triton LLC | Case number (if known) | 24-40228 |
|---|---|---|---|
| | Name | | |

## Part 6: Certain Payments or Transfers

**11. Payments related to bankruptcy**

List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☑ None

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | _____ | | _____ | $_____ |
| | **Address** | | | |
| | | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

| | Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.2. | _____ | | _____ | $_____ |
| | **Address** | | | |
| | | | | |
| | **Email or website address** | | | |
| | _____ | | | |
| | **Who made the payment, if not debtor?** | | | |
| | _____ | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**

List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| _____ | | _____ | $_____ |
| **Trustee** | | | |
| _____ | | | |

Debtor    ADDvantage Triton LLC
_____    Case number (if known)_ 24-40228
Name _____

### 13. Transfers not already listed on this statement

List any transfers of money or other property—by sale, trade, or any other means—made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☑ None

| | Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1. | _____ | | _____ | $_____ |
| | **Address** | | | |
| | | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |
| 13.2. | Who received transfer? | | _____ | $_____ |
| | _____ | | | |
| | **Address** | | | |
| | | | | |
| | **Relationship to debtor** | | | |
| | _____ | | | |

### Part 7:    Previous Locations

### 14. Previous addresses

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| | Address | Dates of occupancy |
|---|---|---|
| 14.1. | | From _____  To _____ |
| 14.2. | | From _____  To _____ |

| Debtor | ADDvantage Triton LLC | Case number *(if known)* 24-40228 |
|---|---|---|
| | Name | |

---

| **Part 8:** | **Health Care Bankruptcies** |
|---|---|

**15. Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:

— diagnosing or treating injury, deformity, or disease, or

— providing any surgical, psychiatric, drug treatment, or obstetric care?

☒ No. Go to Part 9.

☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1. _____ Facility name | | _____ |
| | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept?<br><br>*Check all that apply:*<br>☐ Electronically<br>☐ Paper |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.2. _____ Facility name | | _____ |
| | Location where patient records are maintained (if different from facility address). If electronic, identify any service provider. | How are records kept?<br><br>*Check all that apply:*<br>☐ Electronically<br>☐ Paper |

| **Part 9:** | **Personally Identifiable Information** |
|---|---|

**16. Does the debtor collect and retain personally identifiable information of customers?**

☒ No.

☐ Yes. State the nature of the information collected and retained. _____

   Does the debtor have a privacy policy about that information?

   ☐ No

   ☐ Yes

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

   Yes. Does the debtor serve as plan administrator?

   ☒ No. Go to Part 10.

   ☐ Yes. Fill in below:

| Name of plan | Employer identification number of the plan |
|---|---|
| _____ | EIN: _____ |

   Has the plan been terminated?

   ☐ No

   ☐ Yes

Debtor _____ADDvantage Triton LLC_____     Case number *(if known)*__24-40228___
       Name

---

**Part 10:** **Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

**18. Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☑ None

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1. _____<br>Name | XXXX–_____ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |
| 18.2. _____<br>Name | XXXX–_____ | ☐ Checking<br>☐ Savings<br>☐ Money market<br>☐ Brokerage<br>☐ Other_____ | _____ | $_____ |

**19. Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Name | | | ☐ No<br>☐ Yes |
| Address | | | |

**20. Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>Name | | | ☐ No<br>☐ Yes |
| Address | | | |

---

Debtor   ADDvantage Triton LLC
_____
Name

Case number (*if known*)  24-40228
_____

| **Part 11:** | **Property the Debtor Holds or Controls That the Debtor Does Not Own** |

**21. Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| _____<br>Name | | | $_____ |

| **Part 12:** | **Details About Environmental Information** |

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22. Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| _____ | | | ☐ Pending |
| **Case number** | Name | | ☐ On appeal |
| _____ | _____ | | ☐ Concluded |

**23. Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____<br>Name | _____<br>Name | | _____ |

Debtor   ADDvantage Triton LLC
_____
Name

Case number (if known)  24-40228
_____

---

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ Name | _____ Name | | _____ |

---

| **Part 13:** | **Details About the Debtor's Business or Connections to Any Business** |

---

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

|  | Business name and address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN. |
|---|---|---|---|
| 25.1. | _____ Name | | EIN: _____<br><br>**Dates business existed**<br><br>From _____   To _____ |
| 25.2. | _____ Name | | EIN: _____<br><br>**Dates business existed**<br><br>From _____   To _____ |
| 25.3. | _____ Name | | EIN: _____<br><br>**Dates business existed**<br><br>From _____   To _____ |

---

Debtor    ADDvantage Triton LLC _____    Case number (*if known*) __24-40228_____
  Name

---

### 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1. Paul Van Boerum | From 01/06/2020 |
| Name | |
| 1430 Bradley Lane, Carrollton, TX 75007 | To _____ |

| Name and address | Dates of service |
|---|---|
| 26a.2. | From _____ |
| Name | |
| | To _____ |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1. Hogan Taylor LLP | From _____ |
| Name | |
| 2222 South Utica Place, Suite 200, Tulsa, OK 74114 | To _____ |

| Name and address | Dates of service |
|---|---|
| 26b.2. Bridgepoint Consulting | From 09/01/2021 |
| Name | |
| 7076 Solution Center, Chicago, IL 60677 | To _____ |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. Paul Van Boerum | |
| Name | |
| 1430 Bradley Lane, Carrollton, TX 75007 | |

Debtor    ADDvantage Triton LLC _____    Case number (if known) 24-40228 _____
_____ Name

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.2.  PricewaterhouseCoopers | |
| _____ Name | |
| 2121 N Pearl St, Suite 2000, Dallas, TX 75201 | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None

| Name and address |
|---|
| 26d.1.  Securities and Exchange Commission |
| _____ Name |
| 100 F Street, NE, Washington DC, 20549 |

| Name and address |
|---|
| 26d.2.  Mast Hill Fund, LP |
| _____ Name |
| 48 Parker Road, Wellesley, MA 02482 |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☐ No
☑ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| Renee Mobley | 01/05/2024 | $ 2,301,997.00 |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1.  Paul Van Boerum |
| _____ Name |
| 1430 Bradley Lane |
| Carrollton, TX 75007 |

Debtor    ADDvantage Triton LLC
_____    Case number *(if known)*  24-40228
Name    _____

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $_____ |

Name and address of the person who has possession of inventory records

27.2. _____
      Name

**28.** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Joseph E. Hart | 1430 Bradley Lane, #196, Carrollton, TX 75007 | President | |
| ADDvantage Technologies Group, Inc. | 1430, Carrollton, TX 75007 | Sole Member and Manager | 100 |

**29.** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

☐ No
☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Michael Rutledge | 1430 Bradley Lane, Carrollton, TX 75007 | Vice President/CFO | 09/01/2021 To 01/04/2024 |
| | | | _____ To _____ |
| | | | _____ To _____ |
| | | | _____ To _____ |

**30.** Payments, distributions, or withdrawals credited or given to insiders

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☑ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1. _____<br>Name | _____ | _____ | |
| | | _____ | |
| | | _____ | |
| Relationship to debtor | | _____ | |
| _____ | | | |

Debtor ___ADDvantage Triton LLC_____    Case number *(if known)*_24-40228_____
      Name

| Name and address of recipient | | |
|---|---|---|
| 30.2 | | _____ |
|    Name | | _____ |
| | | _____ |
| | | _____ |
| Relationship to debtor | | _____ |

---

**31. Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No
☑ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| ADDvantage Technologies Group, Inc. | EIN: 73-1351610 |

**32. Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No
☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: _____ |

---

**Part 14:    Signature and Declaration**

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___02/02/2024____
           MM  / DD  / YYYY

✖ _/s/ Joseph E. Hart_____    Printed name _Joseph E. Hart_____
Signature of individual signing on behalf of the debtor

Position or relationship to debtor _President_____

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No
☑ Yes

Debtor Name    ADDvantage Triton LLC

Case number *(if known)*    24-40228

## Continuation Sheet for Official Form 207

**17) Pension Contributions**

**ADDvantage Technologies    73-1351610
Group, Inc. Savings Plan**

**26b) Auditors**

**Whitley Penn          8343 Douglas
                        Avenue, Suite 400,
                        Dallas, TX 75225**

**26c) Records keepers**

**Bridgepoint Consulting    7076 Solution Center,
                        Chicago, IL 60677**

**ADDvantage Triton LLC**
**SOFA Part 2, Question 3**
*Certain payments or transfers to creditors within 90 days before filing this case*

| Creditor's Name | Address | City | ST | ZIP | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|
| DCT/CE III LLC DBA PROLOGIS | 201 E. LAS OLAS BLVD | FORT LAUDERDALE | FL | 33301 | 12/01/23 | $ 31,431.56 | Rent |
| DCT/CE III LLC DBA PROLOGIS | 201 E. LAS OLAS BLVD | FORT LAUDERDALE | FL | 33301 | 01/02/24 | $ 31,375.30 | Rent |
| **Total:** | | | | | | **$ 62,806.86** | |
| | | | | | | | |
| DEDICATED NETWORKS INC | 14000 UNITY ST NW | RAMSEY | MN | 55303-4565 | 11/02/23 | $ 110.00 | Trade |
| DEDICATED NETWORKS INC | 14000 UNITY ST NW | RAMSEY | MN | 55303-4565 | 12/15/23 | $ 1,045.00 | Trade |
| DEDICATED NETWORKS INC | 14000 UNITY ST NW | RAMSEY | MN | 55303-4565 | 01/18/24 | $ 6,635.00 | Trade |
| **Total:** | | | | | | **$ 7,790.00** | |
| | | | | | | | |
| DMS TECHNOLOGY INC | 4110 TENCH RD STE B | SUWANEE | GA | 30024-8861 | 11/06/23 | $ 170.00 | Trade |
| DMS TECHNOLOGY INC | 4110 TENCH RD STE B | SUWANEE | GA | 30024-8861 | 11/06/23 | $ 6,480.00 | Trade |
| DMS TECHNOLOGY INC | 4110 TENCH RD STE B | SUWANEE | GA | 30024-8861 | 11/06/23 | $ 990.00 | Trade |
| DMS TECHNOLOGY INC | 4110 TENCH RD STE B | SUWANEE | GA | 30024-8861 | 11/06/23 | $ 470.00 | Trade |
| DMS TECHNOLOGY INC | 4110 TENCH RD STE B | SUWANEE | GA | 30024-8861 | 11/15/23 | $ 1,700.00 | Trade |
| DMS TECHNOLOGY INC | 4110 TENCH RD STE B | SUWANEE | GA | 30024-8861 | 11/15/23 | $ 6,912.00 | Trade |
| DMS TECHNOLOGY INC | 4110 TENCH RD STE B | SUWANEE | GA | 30024-8861 | 11/27/23 | $ 180.00 | Trade |
| DMS TECHNOLOGY INC | 4110 TENCH RD STE B | SUWANEE | GA | 30024-8861 | 11/27/23 | $ 1,700.00 | Trade |
| DMS TECHNOLOGY INC | 4110 TENCH RD STE B | SUWANEE | GA | 30024-8861 | 11/27/23 | $ 600.00 | Trade |
| DMS TECHNOLOGY INC | 4110 TENCH RD STE B | SUWANEE | GA | 30024-8861 | 11/27/23 | $ 320.00 | Trade |
| DMS TECHNOLOGY INC | 4110 TENCH RD STE B | SUWANEE | GA | 30024-8861 | 11/30/23 | $ 948.00 | Trade |
| DMS TECHNOLOGY INC | 4110 TENCH RD STE B | SUWANEE | GA | 30024-8861 | 12/04/23 | $ 2,760.00 | Trade |
| DMS TECHNOLOGY INC | 4110 TENCH RD STE B | SUWANEE | GA | 30024-8861 | 12/15/23 | $ 4,095.00 | Trade |
| DMS TECHNOLOGY INC | 4110 TENCH RD STE B | SUWANEE | GA | 30024-8861 | 12/23/23 | $ 5,905.00 | Trade |
| DMS TECHNOLOGY INC | 4110 TENCH RD STE B | SUWANEE | GA | 30024-8861 | 12/28/23 | $ 740.00 | Trade |
| DMS TECHNOLOGY INC | 4110 TENCH RD STE B | SUWANEE | GA | 30024-8861 | 12/29/23 | $ 4,035.00 | Trade |
| DMS TECHNOLOGY INC | 4110 TENCH RD STE B | SUWANEE | GA | 30024-8861 | 01/15/24 | $ 4,000.00 | Trade |
| **Total:** | | | | | | **$ 42,005.00** | |
| | | | | | | | |
| EBAY PURCHASE | *Unknown* | | | | 11/02/23 | $ 600.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/02/23 | $ 549.99 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/02/23 | $ 150.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/02/23 | $ 150.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/02/23 | $ 105.54 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/02/23 | $ 87.50 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/02/23 | $ 50.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/03/23 | $ 660.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/06/23 | $ 1,501.50 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/06/23 | $ 167.98 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/08/23 | $ 5,833.12 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/09/23 | $ 1,444.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/09/23 | $ 302.84 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/09/23 | $ 93.40 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/10/23 | $ 1,749.65 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/14/23 | $ 598.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/14/23 | $ 377.17 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/15/23 | $ 2,980.33 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/16/23 | $ 123.99 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/16/23 | $ 4,350.21 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/17/23 | $ 1,000.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/20/23 | $ 616.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/20/23 | $ 201.96 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/20/23 | $ 199.98 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/20/23 | $ 3,524.17 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/20/23 | $ 2,613.37 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/21/23 | $ 300.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/22/23 | $ 111.30 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/22/23 | $ 59.98 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/28/23 | $ 69.34 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/28/23 | $ 69.34 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/28/23 | $ 4,148.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/28/23 | $ 59.98 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/29/23 | $ 3,016.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/30/23 | $ 4,550.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 11/30/23 | $ 40.00 | Trade |

**ADDvantage Triton LLC**
**SOFA Part 2, Question 3**
*Certain payments or transfers to creditors within 90 days before filing this case*

| Creditor's Name | Address | City | ST | ZIP | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|
| EBAY PURCHASE | *Unknown* | | | | 12/03/23 | $ 83.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/03/23 | $ 332.98 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/04/23 | $ 300.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/04/23 | $ 4,920.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/07/23 | $ 4,415.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/07/23 | $ 839.16 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/07/23 | $ 479.52 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/07/23 | $ 199.80 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/07/23 | $ 39.68 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/08/23 | $ 4,000.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/11/23 | $ 199.98 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/12/23 | $ 3,510.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/13/23 | $ 5,200.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/13/23 | $ 175.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/13/23 | $ 173.50 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/13/23 | $ 238.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/13/23 | $ 32.40 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/14/23 | $ 2,597.68 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/14/23 | $ 1,108.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/14/23 | $ 200.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/14/23 | $ 200.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/18/23 | $ 3,862.50 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/19/23 | $ 2,924.34 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/20/23 | $ 5,210.92 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/20/23 | $ 1,560.68 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/21/23 | $ 5,044.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/21/23 | $ 515.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/27/23 | $ 3,321.76 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 12/28/23 | $ 69.90 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 01/09/24 | $ 135.81 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 01/12/24 | $ 194.50 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 01/12/24 | $ 760.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 01/17/24 | $ 49.99 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 01/17/24 | $ 279.65 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 01/17/24 | $ 173.99 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 01/17/24 | $ 60.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 01/22/24 | $ 900.00 | Trade |
| EBAY PURCHASE | *Unknown* | | | | 01/22/24 | $ 1,295.00 | Trade |
| **Total:** | | | | | | **$ 98,056.38** | |
| FEDEX | PO BOX 660481 | DALLAS | TX | 75266-0481 | 11/08/23 | $ 814.22 | Trade |
| FEDEX | PO BOX 660481 | DALLAS | TX | 75266-0481 | 11/09/23 | $ 176.76 | Trade |
| FEDEX | PO BOX 660481 | DALLAS | TX | 75266-0481 | 11/15/23 | $ 844.20 | Trade |
| FEDEX | PO BOX 660481 | DALLAS | TX | 75266-0481 | 11/16/23 | $ 300.41 | Trade |
| FEDEX | PO BOX 660481 | DALLAS | TX | 75266-0481 | 11/22/23 | $ 927.90 | Trade |
| FEDEX | PO BOX 660481 | DALLAS | TX | 75266-0481 | 11/29/23 | $ 1,069.23 | Trade |
| FEDEX | PO BOX 660481 | DALLAS | TX | 75266-0481 | 11/30/23 | $ 74.75 | Trade |
| FEDEX | PO BOX 660481 | DALLAS | TX | 75266-0481 | 12/06/23 | $ 1,098.13 | Trade |
| FEDEX | PO BOX 660481 | DALLAS | TX | 75266-0481 | 12/07/23 | $ 106.06 | Trade |
| FEDEX | PO BOX 660481 | DALLAS | TX | 75266-0481 | 12/13/23 | $ 603.54 | Trade |
| FEDEX | PO BOX 660481 | DALLAS | TX | 75266-0481 | 12/14/23 | $ 249.27 | Trade |
| FEDEX | PO BOX 660481 | DALLAS | TX | 75266-0481 | 12/20/23 | $ 1,434.50 | Trade |
| FEDEX | PO BOX 660481 | DALLAS | TX | 75266-0481 | 12/21/23 | $ 150.57 | Trade |
| FEDEX | PO BOX 660481 | DALLAS | TX | 75266-0481 | 12/27/23 | $ 1,080.10 | Trade |
| FEDEX | PO BOX 660481 | DALLAS | TX | 75266-0481 | 12/28/23 | $ 403.45 | Trade |
| FEDEX | PO BOX 660481 | DALLAS | TX | 75266-0481 | 01/03/24 | $ 665.11 | Trade |
| FEDEX | PO BOX 660481 | DALLAS | TX | 75266-0481 | 01/04/24 | $ 65.34 | Trade |
| FEDEX | PO BOX 660481 | DALLAS | TX | 75266-0481 | 01/10/24 | $ 404.21 | Trade |
| FEDEX | PO BOX 660481 | DALLAS | TX | 75266-0481 | 01/17/24 | $ 258.55 | Trade |
| **Total:** | | | | | | **$ 10,726.30** | |
| GHEKKO NETWORKS INC-FLORIDA | 11800 31ST CT N | SAINT PETERSBURG | FL | 33716-1805 | 12/15/23 | $ 7,625.00 | Trade |
| **Total:** | | | | | | **$ 7,625.00** | |

**ADDvantage Triton LLC**
**SOFA Part 2, Question 3**
*Certain payments or transfers to creditors within 90 days before filing this case*

| Creditor's Name | Address | City | ST | ZIP | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|
| GOLD STANDARD TELECOM | 925 WALSH RD | MADISON | WI | 53714-1335 | 11/02/23 | $ 1,296.00 | Trade |
| GOLD STANDARD TELECOM | 925 WALSH RD | MADISON | WI | 53714-1335 | 11/02/23 | $ 325.00 | Trade |
| GOLD STANDARD TELECOM | 925 WALSH RD | MADISON | WI | 53714-1335 | 11/09/23 | $ 1,400.00 | Trade |
| GOLD STANDARD TELECOM | 925 WALSH RD | MADISON | WI | 53714-1335 | 11/16/23 | $ 5,994.29 | Trade |
| GOLD STANDARD TELECOM | 925 WALSH RD | MADISON | WI | 53714-1335 | 11/16/23 | $ 295.00 | Trade |
| GOLD STANDARD TELECOM | 925 WALSH RD | MADISON | WI | 53714-1335 | 12/03/23 | $ 2,500.00 | Trade |
| GOLD STANDARD TELECOM | 925 WALSH RD | MADISON | WI | 53714-1335 | 12/11/23 | $ 585.00 | Trade |
| GOLD STANDARD TELECOM | 925 WALSH RD | MADISON | WI | 53714-1335 | 12/11/23 | $ 250.00 | Trade |
| GOLD STANDARD TELECOM | 925 WALSH RD | MADISON | WI | 53714-1335 | 12/15/23 | $ 1,170.00 | Trade |
| GOLD STANDARD TELECOM | 925 WALSH RD | MADISON | WI | 53714-1335 | 12/15/23 | $ 830.00 | Trade |
| GOLD STANDARD TELECOM | 925 WALSH RD | MADISON | WI | 53714-1335 | 12/20/23 | $ 2,320.00 | Trade |
| GOLD STANDARD TELECOM | 925 WALSH RD | MADISON | WI | 53714-1335 | 12/26/23 | $ 1,270.00 | Trade |
| GOLD STANDARD TELECOM | 925 WALSH RD | MADISON | WI | 53714-1335 | 12/29/23 | $ 1,200.00 | Trade |
| | Total: | | | | | $ 19,435.29 | |
| | | | | | | | |
| IP SUPPLY PTY LTD | UNIT 8/4A BACHELL AVE | Lidcombe | NSW | 2141 | 11/28/23 | $ 19,196.00 | Trade |
| IP SUPPLY PTY LTD | UNIT 8/4A BACHELL AVE | Lidcombe | NSW | 2141 | 11/30/23 | $ 288.40 | Trade |
| IP SUPPLY PTY LTD | UNIT 8/4A BACHELL AVE | Lidcombe | NSW | 2141 | 11/30/23 | $ 5,600.00 | Trade |
| | Total: | | | | | $ 25,084.40 | |
| | | | | | | | |
| MJ COMMUNICATION | | BEACONSFIELD | QC | H9W3X7 | 11/02/23 | $ 100.00 | Trade |
| MJ COMMUNICATION | | BEACONSFIELD | QC | H9W3X7 | 11/02/23 | $ 200.00 | Trade |
| MJ COMMUNICATION | | BEACONSFIELD | QC | H9W3X7 | 11/09/23 | $ 4,968.00 | Trade |
| MJ COMMUNICATION | | BEACONSFIELD | QC | H9W3X7 | 11/09/23 | $ 5,071.50 | Trade |
| | Total: | | | | | $ 10,339.50 | |
| | | | | | | | |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/10/23 | $ 20.79 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/10/23 | $ 220.00 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/10/23 | $ 117.71 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/10/23 | $ 19,859.40 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/10/23 | $ 438.00 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/10/23 | $ 14.85 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/10/23 | $ 23.76 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/10/23 | $ 20.79 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/10/23 | $ 282.15 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/10/23 | $ 10.00 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/16/23 | $ 124.74 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/16/23 | $ 138.60 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/16/23 | $ 118.80 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/16/23 | $ 30.69 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/16/23 | $ 220.00 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/30/23 | $ 59.40 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/30/23 | $ 210.00 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/30/23 | $ 1,556.90 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/30/23 | $ 12.00 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/30/23 | $ 475.20 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 11/30/23 | $ 297.00 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 12/12/23 | $ 109.89 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 12/12/23 | $ 5.94 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 12/12/23 | $ 5.94 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 12/12/23 | $ 75.00 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 12/15/23 | $ 79.00 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 12/15/23 | $ 79.00 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 12/15/23 | $ 5.94 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 12/21/23 | $ 24.75 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 12/21/23 | $ 1,306.80 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 12/21/23 | $ 188.00 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 12/21/23 | $ 54.46 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 12/28/23 | $ 6.93 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 12/28/23 | $ 27.23 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 01/12/24 | $ 72.27 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 01/12/24 | $ 268.00 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 01/12/24 | $ 71.28 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 01/12/24 | $ 133.65 | Trade |

**ADDvantage Triton LLC**
**SOFA Part 2, Question 3**
*Certain payments or transfers to creditors within 90 days before filing this case*

| Creditor's Name | Address | City | ST | ZIP | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 01/12/24 | $ 59.40 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 01/18/24 | $ 109.89 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 01/18/24 | $ 94.05 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 01/18/24 | $ 8.00 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 01/18/24 | $ 511.00 | Trade |
| NTS DIRECT INC. | 41 MAIN ST | BOLTON | MA | 01740-1107 | 01/18/24 | $ 713.00 | Trade |
| | Total: | | | | | $ 28,260.20 | |
| | | | | | | | |
| PANASEAS INTERNATIONAL INC | PO BOX 690725 | HOUSTON | TX | 77269-0725 | 11/13/23 | $ 375.00 | Trade |
| PANASEAS INTERNATIONAL INC | PO BOX 690725 | HOUSTON | TX | 77269-0725 | 11/13/23 | $ 1,095.00 | Trade |
| PANASEAS INTERNATIONAL INC | PO BOX 690725 | HOUSTON | TX | 77269-0725 | 11/17/23 | $ 2,615.00 | Trade |
| PANASEAS INTERNATIONAL INC | PO BOX 690725 | HOUSTON | TX | 77269-0725 | 11/29/23 | $ 3,357.30 | Trade |
| PANASEAS INTERNATIONAL INC | PO BOX 690725 | HOUSTON | TX | 77269-0725 | 12/15/23 | $ 3,750.00 | Trade |
| PANASEAS INTERNATIONAL INC | PO BOX 690725 | HOUSTON | TX | 77269-0725 | 12/26/23 | $ 2,226.40 | Trade |
| PANASEAS INTERNATIONAL INC | PO BOX 690725 | HOUSTON | TX | 77269-0725 | 12/28/23 | $ 6,800.00 | Trade |
| PANASEAS INTERNATIONAL INC | PO BOX 690725 | HOUSTON | TX | 77269-0725 | 12/29/23 | $ 990.00 | Trade |
| PANASEAS INTERNATIONAL INC | PO BOX 690725 | HOUSTON | TX | 77269-0725 | 01/15/24 | $ 3,504.60 | Trade |
| | Total: | | | | | $ 24,713.30 | |
| | | | | | | | |
| POWER WORKS USA LLC | 5335 NW 87th Ave, Suite C109 Box 143 | DORAL | FL | 33178-2834 | 11/09/23 | $ 842.60 | Trade |
| POWER WORKS USA LLC | 5335 NW 87th Ave, Suite C109 Box 143 | DORAL | FL | 33178-2834 | 12/12/23 | $ 5,122.02 | Trade |
| POWER WORKS USA LLC | 5335 NW 87th Ave, Suite C109 Box 143 | DORAL | FL | 33178-2834 | 12/20/23 | $ 1,016.77 | Trade |
| POWER WORKS USA LLC | 5335 NW 87th Ave, Suite C109 Box 143 | DORAL | FL | 33178-2834 | 12/29/23 | $ 709.54 | Trade |
| POWER WORKS USA LLC | 5335 NW 87th Ave, Suite C109 Box 143 | DORAL | FL | 33178-2834 | 01/15/24 | $ 354.40 | Trade |
| POWER WORKS USA LLC | 5335 NW 87th Ave, Suite C109 Box 143 | DORAL | FL | 33178-2834 | 01/23/24 | $ 10.65 | Trade |
| | Total: | | | | | $ 8,055.98 | |
| | | | | | | | |
| POWERTECH INC | | ALGONQUIN | IL | 60102 | 11/10/23 | $ 130.13 | Trade |
| POWERTECH INC | | ALGONQUIN | IL | 60102 | 11/10/23 | $ 185.00 | Trade |
| POWERTECH INC | | ALGONQUIN | IL | 60102 | 11/10/23 | $ 7,000.00 | Trade |
| POWERTECH INC | | ALGONQUIN | IL | 60102 | 11/10/23 | $ 5,250.00 | Trade |
| | Total: | | | | | $ 12,565.13 | |
| | | | | | | | |
| QUAZO SYSTEMS | 2900 E MIRALOMA AVE STE C | ANAHEIM | CA | 92806-1870 | 11/16/23 | $ 4,500.00 | Trade |
| QUAZO SYSTEMS | 2900 E MIRALOMA AVE STE C | ANAHEIM | CA | 92806-1870 | 11/30/23 | $ 18.00 | Trade |
| QUAZO SYSTEMS | 2900 E MIRALOMA AVE STE C | ANAHEIM | CA | 92806-1870 | 11/30/23 | $ 4,480.00 | Trade |
| QUAZO SYSTEMS | 2900 E MIRALOMA AVE STE C | ANAHEIM | CA | 92806-1870 | 11/30/23 | $ 2,475.00 | Trade |
| QUAZO SYSTEMS | 2900 E MIRALOMA AVE STE C | ANAHEIM | CA | 92806-1870 | 11/30/23 | $ 165.00 | Trade |
| QUAZO SYSTEMS | 2900 E MIRALOMA AVE STE C | ANAHEIM | CA | 92806-1870 | 11/30/23 | $ 6,000.00 | Trade |
| QUAZO SYSTEMS | 2900 E MIRALOMA AVE STE C | ANAHEIM | CA | 92806-1870 | 12/12/23 | $ 18.00 | Trade |
| QUAZO SYSTEMS | 2900 E MIRALOMA AVE STE C | ANAHEIM | CA | 92806-1870 | 12/12/23 | $ 54.00 | Trade |
| QUAZO SYSTEMS | 2900 E MIRALOMA AVE STE C | ANAHEIM | CA | 92806-1870 | 12/15/23 | $ 360.00 | Trade |
| QUAZO SYSTEMS | 2900 E MIRALOMA AVE STE C | ANAHEIM | CA | 92806-1870 | 12/17/23 | $ 3,080.00 | Trade |
| QUAZO SYSTEMS | 2900 E MIRALOMA AVE STE C | ANAHEIM | CA | 92806-1870 | 12/21/23 | $ 14,800.00 | Trade |
| QUAZO SYSTEMS | 2900 E MIRALOMA AVE STE C | ANAHEIM | CA | 92806-1870 | 12/29/23 | $ 8,880.00 | Trade |
| | Total: | | | | | $ 44,830.00 | |
| | | | | | | | |
| REVOLVING NETWORKS LLC | 2828 HEDBERG DR | MINNETONKA | MN | 55305-3403 | 12/15/23 | $ 515.00 | Trade |
| REVOLVING NETWORKS LLC | 2828 HEDBERG DR | MINNETONKA | MN | 55305-3403 | 12/29/23 | $ 9,150.00 | Trade |
| | Total: | | | | | $ 9,665.00 | |
| | | | | | | | |
| SHOP4TELE INC | | Shelby Township | MI | 48315 | 12/20/23 | $ 11,199.77 | Trade |
| SHOP4TELE INC | | Shelby Township | MI | 48315 | 12/22/23 | $ 12,700.00 | Trade |
| SHOP4TELE INC | | Shelby Township | MI | 48315 | 12/27/23 | $ 10,758.00 | Trade |
| SHOP4TELE INC | | Shelby Township | MI | 48315 | 01/10/24 | $ 2,040.00 | Trade |
| | Total: | | | | | $ 36,697.77 | |
| | | | | | | | |
| SOTEL SYSTEMS LLC | 230 CARONDELET COMMONS BLVD | SAINT LOUIS | MO | 63111-3814 | 11/16/23 | $ 1,760.00 | Trade |
| SOTEL SYSTEMS LLC | 230 CARONDELET COMMONS BLVD | SAINT LOUIS | MO | 63111-3814 | 11/30/23 | $ 229.00 | Trade |
| SOTEL SYSTEMS LLC | 230 CARONDELET COMMONS BLVD | SAINT LOUIS | MO | 63111-3814 | 11/30/23 | $ 5,355.00 | Trade |
| SOTEL SYSTEMS LLC | 230 CARONDELET COMMONS BLVD | SAINT LOUIS | MO | 63111-3814 | 12/06/23 | $ 2,498.00 | Trade |
| SOTEL SYSTEMS LLC | 230 CARONDELET COMMONS BLVD | SAINT LOUIS | MO | 63111-3814 | 12/11/23 | $ 85.00 | Trade |
| SOTEL SYSTEMS LLC | 230 CARONDELET COMMONS BLVD | SAINT LOUIS | MO | 63111-3814 | 12/21/23 | $ 75.00 | Trade |
| SOTEL SYSTEMS LLC | 230 CARONDELET COMMONS BLVD | SAINT LOUIS | MO | 63111-3814 | 12/28/23 | $ 330.00 | Trade |

**ADDvantage Triton LLC**
**SOFA Part 2, Question 3**
*Certain payments or transfers to creditors within 90 days before filing this case*

| Creditor's Name | Address | City | ST | ZIP | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|
| SOTEL SYSTEMS LLC | 230 CARONDELET COMMONS BLVD | SAINT LOUIS | MO | 63111-3814 | 12/28/23 | $ 48.00 | Trade |
| SOTEL SYSTEMS LLC | 230 CARONDELET COMMONS BLVD | SAINT LOUIS | MO | 63111-3814 | 12/29/23 | $ 225.00 | Trade |
| SOTEL SYSTEMS LLC | 230 CARONDELET COMMONS BLVD | SAINT LOUIS | MO | 63111-3814 | 01/19/24 | $ 1,066.05 | Trade |
| SOTEL SYSTEMS LLC | 230 CARONDELET COMMONS BLVD | SAINT LOUIS | MO | 63111-3814 | 01/23/24 | $ 128.75 | Trade |
| SOTEL SYSTEMS LLC | 230 CARONDELET COMMONS BLVD | SAINT LOUIS | MO | 63111-3814 | 01/23/24 | $ 2,322.65 | Trade |
| **Total:** | | | | | | **$ 14,122.45** | |
| | | | | | | | |
| Stephen Gould Corporation | 35 South Jefferson Road | Whippant | NJ | 07981 | 11/30/23 | $ 812.09 | Trade |
| Stephen Gould Corporation | 35 South Jefferson Road | Whippant | NJ | 07981 | 11/30/23 | $ 3,089.25 | Trade |
| Stephen Gould Corporation | 35 South Jefferson Road | Whippant | NJ | 07981 | 11/30/23 | $ 1,410.75 | Trade |
| Stephen Gould Corporation | 35 South Jefferson Road | Whippant | NJ | 07981 | 11/30/23 | $ 3,828.00 | Trade |
| Stephen Gould Corporation | 35 South Jefferson Road | Whippant | NJ | 07981 | 11/30/23 | $ 2,425.00 | Trade |
| Stephen Gould Corporation | 35 South Jefferson Road | Whippant | NJ | 07981 | 12/30/23 | $ (812.09) | Trade |
| Stephen Gould Corporation | 35 South Jefferson Road | Whippant | NJ | 07981 | 12/30/23 | $ 812.09 | Trade |
| Stephen Gould Corporation | 35 South Jefferson Road | Whippant | NJ | 07981 | 01/15/24 | $ 5,733.15 | Trade |
| **Total:** | | | | | | **$ 17,298.24** | |
| | | | | | | | |
| TELPARTS IMPORT LLC DBA DYNAMIC VOICE DATA | 4403 GREENBRIAR DR | STAFFORD | TX | 77477-3801 | 11/06/23 | $ 123.00 | Trade |
| TELPARTS IMPORT LLC DBA DYNAMIC VOICE DATA | 4403 GREENBRIAR DR | STAFFORD | TX | 77477-3801 | 11/07/23 | $ 4,100.00 | Trade |
| TELPARTS IMPORT LLC DBA DYNAMIC VOICE DATA | 4403 GREENBRIAR DR | STAFFORD | TX | 77477-3801 | 12/01/23 | $ 4,355.36 | Trade |
| TELPARTS IMPORT LLC DBA DYNAMIC VOICE DATA | 4403 GREENBRIAR DR | STAFFORD | TX | 77477-3801 | 12/08/23 | $ 1,504.00 | Trade |
| **Total:** | | | | | | **$ 10,082.36** | |
| | | | | | | | |
| TELQUEST INTERNATIONAL INC | PO BOX 745306 | ATLANTA | GA | 30374-5306 | 11/03/23 | $ 384.18 | Trade |
| TELQUEST INTERNATIONAL INC | PO BOX 745306 | ATLANTA | GA | 30374-5306 | 11/09/23 | $ 384.18 | Trade |
| TELQUEST INTERNATIONAL INC | PO BOX 745306 | ATLANTA | GA | 30374-5306 | 11/10/23 | $ 1,915.80 | Trade |
| TELQUEST INTERNATIONAL INC | PO BOX 745306 | ATLANTA | GA | 30374-5306 | 11/15/23 | $ 206.00 | Trade |
| TELQUEST INTERNATIONAL INC | PO BOX 745306 | ATLANTA | GA | 30374-5306 | 11/21/23 | $ 800.00 | Trade |
| TELQUEST INTERNATIONAL INC | PO BOX 745306 | ATLANTA | GA | 30374-5306 | 11/21/23 | $ 372.99 | Trade |
| TELQUEST INTERNATIONAL INC | PO BOX 745306 | ATLANTA | GA | 30374-5306 | 11/22/23 | $ 1,024.89 | Trade |
| TELQUEST INTERNATIONAL INC | PO BOX 745306 | ATLANTA | GA | 30374-5306 | 11/22/23 | $ 99.96 | Trade |
| TELQUEST INTERNATIONAL INC | PO BOX 745306 | ATLANTA | GA | 30374-5306 | 11/30/23 | $ 782.80 | Trade |
| TELQUEST INTERNATIONAL INC | PO BOX 745306 | ATLANTA | GA | 30374-5306 | 11/30/23 | $ 391.40 | Trade |
| TELQUEST INTERNATIONAL INC | PO BOX 745306 | ATLANTA | GA | 30374-5306 | 11/30/23 | $ 384.18 | Trade |
| TELQUEST INTERNATIONAL INC | PO BOX 745306 | ATLANTA | GA | 30374-5306 | 11/30/23 | $ 259.99 | Trade |
| TELQUEST INTERNATIONAL INC | PO BOX 745306 | ATLANTA | GA | 30374-5306 | 12/05/23 | $ 5,974.00 | Trade |
| TELQUEST INTERNATIONAL INC | PO BOX 745306 | ATLANTA | GA | 30374-5306 | 12/05/23 | $ 1,596.50 | Trade |
| TELQUEST INTERNATIONAL INC | PO BOX 745306 | ATLANTA | GA | 30374-5306 | 12/07/23 | $ 2,987.00 | Trade |
| TELQUEST INTERNATIONAL INC | PO BOX 745306 | ATLANTA | GA | 30374-5306 | 12/07/23 | $ 782.80 | Trade |
| TELQUEST INTERNATIONAL INC | PO BOX 745306 | ATLANTA | GA | 30374-5306 | 12/20/23 | $ 1,985.34 | Trade |
| TELQUEST INTERNATIONAL INC | PO BOX 745306 | ATLANTA | GA | 30374-5306 | 01/12/24 | $ 618.00 | Trade |
| **Total:** | | | | | | **$ 20,950.01** | |
| | | | | | | | |
| UMB BANK | 1010 Grand Blvd | Kansas City | MO | 64106-2202 | 11/28/23 | $ 317,867.73 | Credit Card |
| UMB BANK | 1010 Grand Blvd | Kansas City | MO | 64106-2202 | 01/11/24 | $ 50,000.00 | Credit Card |
| **Total:** | | | | | | **$ 367,867.73** | |
| | | | | | | | |
| UNITED PARCEL SERVICE (UPS) | PO BOX 7247-0244 | PHILADELPHIA | PA | 19170-0001 | 11/08/23 | $ 3,272.84 | Trade |
| UNITED PARCEL SERVICE (UPS) | PO BOX 7247-0244 | PHILADELPHIA | PA | 19170-0001 | 11/15/23 | $ 2,998.58 | Trade |
| UNITED PARCEL SERVICE (UPS) | PO BOX 7247-0244 | PHILADELPHIA | PA | 19170-0001 | 11/22/23 | $ 3,600.69 | Trade |
| UNITED PARCEL SERVICE (UPS) | PO BOX 7247-0244 | PHILADELPHIA | PA | 19170-0001 | 11/29/23 | $ 3,259.73 | Trade |
| UNITED PARCEL SERVICE (UPS) | PO BOX 7247-0244 | PHILADELPHIA | PA | 19170-0001 | 12/06/23 | $ 1,332.78 | Trade |
| UNITED PARCEL SERVICE (UPS) | PO BOX 7247-0244 | PHILADELPHIA | PA | 19170-0001 | 12/13/23 | $ 3,107.89 | Trade |
| UNITED PARCEL SERVICE (UPS) | PO BOX 7247-0244 | PHILADELPHIA | PA | 19170-0001 | 12/20/23 | $ 2,271.29 | Trade |
| UNITED PARCEL SERVICE (UPS) | PO BOX 7247-0244 | PHILADELPHIA | PA | 19170-0001 | 12/27/23 | $ 1,819.12 | Trade |
| UNITED PARCEL SERVICE (UPS) | PO BOX 7247-0244 | PHILADELPHIA | PA | 19170-0001 | 01/03/24 | $ 3,171.26 | Trade |
| UNITED PARCEL SERVICE (UPS) | PO BOX 7247-0244 | PHILADELPHIA | PA | 19170-0001 | 01/10/24 | $ 2,938.92 | Trade |
| UNITED PARCEL SERVICE (UPS) | PO BOX 7247-0244 | PHILADELPHIA | PA | 19170-0001 | 01/17/24 | $ 1,928.83 | Trade |
| **Total:** | | | | | | **$ 29,701.93** | |

**ADDvantage Triton LLC**
**SOFA Part 2, Question 3**
*Certain payments or transfers to creditors within 90 days before filing this case*

| Creditor's Name | Address | City | ST | ZIP | Payment Date | Payment Amount | Reason for Payment or Transfer |
|---|---|---|---|---|---|---|---|
| V3 DISTRIBUTION INC | 4141 BARDEN ST SE STE 5 | GRAND RAPIDS | MI | 49512-5453 | 11/10/23 | $ 160.00 | Trade |
| V3 DISTRIBUTION INC | 4141 BARDEN ST SE STE 5 | GRAND RAPIDS | MI | 49512-5453 | 11/27/23 | $ 1,485.00 | Trade |
| V3 DISTRIBUTION INC | 4141 BARDEN ST SE STE 5 | GRAND RAPIDS | MI | 49512-5453 | 11/30/23 | $ 3,575.00 | Trade |
| V3 DISTRIBUTION INC | 4141 BARDEN ST SE STE 5 | GRAND RAPIDS | MI | 49512-5453 | 12/12/23 | $ 70.00 | Trade |
| V3 DISTRIBUTION INC | 4141 BARDEN ST SE STE 5 | GRAND RAPIDS | MI | 49512-5453 | 12/12/23 | $ 14,000.00 | Trade |
| V3 DISTRIBUTION INC | 4141 BARDEN ST SE STE 5 | GRAND RAPIDS | MI | 49512-5453 | 01/12/24 | $ 595.00 | Trade |
| | Total: | | | | | $ 19,885.00 | |
| | | | | | | | |
| YUDITH BORRERO | 1430 Bradley Lane | Carrollton | TX | 75007 | 11/30/23 | $ 9,931.55 | UMB CC 5764 Nov 2023 |
| YUDITH BORRERO | 1430 Bradley Lane | Carrollton | TX | 75007 | 11/30/23 | $ 2,758.79 | |
| YUDITH BORRERO | 1430 Bradley Lane | Carrollton | TX | 75007 | 12/31/23 | $ 6,204.30 | UMB CC 5764 Dec 2023 |
| YUDITH BORRERO | 1430 Bradley Lane | Carrollton | TX | 75007 | 12/31/23 | $ 2,055.39 | UMB CC-0660 Dec 2023 |
| | Total: | | | | | $ 20,950.03 | |
| | | | | | | | |
| | Grand Total: | | | | | $ 949,513.86 | |